J. F. MOORE

*v.*

C. S. WRIGHT.

1. PRACTICE—*objection to evidence must be made on trial.* Objection to the admission of secondary evidence of the contents of a writing, on the ground of the insufficiency of the notice to the other party to produce the original, must be made on the trial, and can not be made in this court for the first time.

2. Evidence—*proof of loss of note to admit secondary evidence.* Where a note with its indorsements of payments is used on the trial before a justice of the peace, and on appeal is not found, in order to admit secondary evidence of its contents, the testimony of the justice and the plaintiff's attorney ought to be taken, in addition to that of the plaintiff that the note could not be found after diligent and careful search.

3. Same—*defendant failing to testify in his own case.* It is a personal privilege, that a defendant in a civil suit has, whether to testify in his own behalf, and if he fails to avail of the right, it is error for the court, in an instruction, to call the attention of the jury to the fact in any way.

4. Admission—*where part is given, party has the right to the whole.* Where a defendant's admission is proved, that a copy of a note presented was a true copy of the original and the indorsements thereon, the defendant will be entitled to prove that he stated at the same time, and respecting the same subject matter, that he had paid $75 which was not indorsed on the note, and it is error to exclude such proof. Where a party's admissions are called for, the party calling for the same is bound to take all the other party said upon the occasion concerning the matter in dispute, whether it makes for or against him.

5. Instructions—*calling attention to parts of the evidence only.* It is the duty of the jury to consider all the testimony in the case, as well that which makes for the defendant as for the plaintiff, and it is error for the court to direct the attention of the jury to the principal facts relied on by the plaintiff, as giving undue importance to a part of the facts.

Appeal from the Circuit Court of Will county; the Hon. Josiah McRoberts, Judge, presiding.

On the trial of this case in the circuit court the plaintiff called a witness, who testified that on the second trial of the cause before the justice of the peace the defendant was sworn, and in his testimony admitted that the copy of the note produced by the plaintiff was a true copy of the original and of the indorsements thereon. On cross-examination, the witness stated that the defendant, in the same statement, said he had made a payment of $75 to T. G. Wright on the note, which was not indorsed. This part of the evidence the court, on the motion of the plaintiff, excluded from the jury, and the defendant excepted.

The second of plaintiff's instructions told the jury, " that under the law, the defendant could have (had he desired) de-

nied that he ever acknowledged or admitted that the writing offered in evidence by plaintiff as a copy of the note, was such copy, if the acknowledgment or admission was made after the death of the payee named in the note, if the jury believe, from the evidence, that he (defendant) made any such admission."

Messrs. HILL & DIBBELL, for the appellant.

Messrs. NEEDHAM & MILLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was upon a promissory note made payable to Thomas G. Wright, since deceased, and was brought by his administrator originally before a justice of the peace. On the trial before the justice, the note, with its indorsements of payments, was introduced and read as evidence to the jury. Since that trial the original note has not been seen. There is some evidence tending to show it was placed in a memorandum book belonging to defendant, and may have been inadvertently taken away by him, but of that there is no reliable evidence.

On the trial in the circuit court, plaintiff, by way of proving the contents of the lost note, gave in evidence, over the objection of defendant, what he testified was a true copy of the original note and indorsements. It is now said it was error to admit the copy, because the notice to defendant to produce the original said to be in his possession was not sufficient. There is nothing in the record that shows that objection was taken when the copy of the note was offered in evidence, and it can not be made for the first time in this court. But as this judgment is to be reversed for another cause, it will not be necessary to remark further on this branch of the case.

As to the lost note, the testimony of the justice before whom the trial was had, and into whose hands it might be expected to come as a part of the files of the cause, and that of the

attorney of plaintiff, ought to have been taken, in addition to that of plaintiff that the note could not be found after diligent and careful search.

Both instructions given for plaintiff are objectionable and ought not to have been given. The first of the series directs the attention of the jury to certain principal facts upon which plaintiff relies, and tells them, if they believe, from the evidence, such facts have been proved, they will find for plaintiff. This instruction is wrong, as it only presents a partial view of the facts. It is the duty of the jury to consider all the testimony in the case, as well that which makes for defendant as for plaintiff, and for the court to direct them to consider certain facts is to give undue importance to them, and is serious error.

The second instruction is still more objectionable. It was a personal privilege, that defendant could avail of at his election, whether he would become a witness in his own behalf, with which the jury had nothing to do, and it was not proper for the court to call their attention to the subject in any way. It may have prejudiced defendant's cause.

But the gravest error in the record is the exclusion of proper evidence offered by defendant. On a former trial, defendant was called as a witness, and, it is said, admitted that the copy of the note presented was a true copy of the original and the indorsements thereon, and on the trial in the circuit court, plaintiff undertook to give in evidence his admissions made in his testimony. On cross-examination the witness was asked if defendant did not, in the same conversation, say that there had been other payments made on the note that were not indorsed on it, and witness replied that he said he had paid deceased $75 that was not indorsed on the note. The court, on motion of plaintiff, excluded the answer of the witness from the consideration of the jury, and that, we think, was error. It was a part of the same admission and related to the same subject matter, and if plaintiff called for defendant's admission, he was bound to take all he said upon that

occasion concerning the matter in dispute, whether it was for or against him.

Most of defendant's refused instructions had reference to proof of the loss of the note, and as that question may not arise on another trial, we have not deemed it necessary to remark upon them.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*