Bailey v. Pardridge.

*Reversed and remanded.*

## Joel J. Bailey et al.

### v.

## C. W. Pardridge et al.

*Sales—Payment to Traveling Salesman—Embezzlement—Evidence.*

1. Where a plaintiff introduces letters of the defendant to prove certain facts, he is bound to admit declarations therein which make against him, as well.

2. In an action brought to recover the value of goods sold and delivered a check in payment having been given a salesman of the plaintiffs, the same or its proceeds never having been turned over by him to them, this court holds that such delivery was properly made, and was equivalent to delivery to the plaintiffs, and declines to interfere with the judgment against them.

[Opinion filed December 24, 1889.]

In error to the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. D. Blackman and Flower, Smith & Musgrave, for plaintiffs in error.

Messrs. BRANDT & HOFFMAN, for defendants in error.

GARNETT, J.   This is a suit brought by plaintiffs in error against defendants in error, to recover the value of goods sold and delivered to defendants.    At the conclusion of the plaintiff's evidence the court instructed the jury to find for the defendants.

The facts are that in August, 1883, one Holmes was a traveling salesman in the employ of plaintiffs, whose place of business was in Philadelphia; that in the early part of that month Holmes sold and delivered goods of the plaintiffs to defendants, a firm carrying on business in Chicago, and at his request the defendants then made and delivered to Holmes their check on the Continental Bank of Chicago, for the purchase price, payable to Joel J. Bailey & Co., or bearer.    The check was never given to plaintiffs, nor have they ever received the proceeds thereof, or any payment for the goods. No evidence was introduced of payment or non-payment of the check, or of what was done with it, nor was it produced on the trial to be surrendered to defendants.

By the contract between plaintiffs and Holmes he had no authority to receive payment, but no evidence was given of notice to defendants of his want of such authority.   "When the principal intrusts the agent with the possession of the goods to be sold, and authorizes him to sell and deliver them, authority to receive payment therefor will be implied, and a payment made to the agent at the time of the sale and delivery, or as part of the same transaction, will be binding upon the principal—of course, in the absence of any knowledge on the part of the purchaser that the agent was not authorized to receive payment."   Mechem on Agency, Sec. 338.

The delivery of the check to Holmes was in the usual course of business, and was equivalent to a delivery of it to plaintiffs.   If it had been delivered to the plaintiffs, they could not recover without proving non-payment, and that, as we have seen, they neglected to do.   The only proof of the delivery of the check to Holmes consisted of statements in letters of defendants, which plaintiffs introduced in evidence

as admissions of other facts. By the ruling of the court the letters were treated as conclusive evidence of the fact of delivery of the checks. The statements were not in themselves unreasonable, or improbable, nor was there anything in the nature of the transaction or in the evidence tending to impeach them. The doctrine in such cases is that the admission, with the accompanying declaration, which serves as an answer to the admission, is to be received in evidence, and the answer is conclusive. Howell v. Moores, 127 Ill. 70; 1 Roscoe's Crim. Ev. (8th Ed.), 54–55; Roberts v. Gee, 15 Barb. 449; Corbett v. The State, 31 Ala. 329; Arnold v. Johnson, 1 Scam. 196.

There was no error in the instruction. The judgment is affirmed.

*Judgment affirmed.*