C. E. KINNER, Appellee, v. A. F. BOYD, Appellant.

**Assault and battery:** EVIDENCE: *Res gestæ.* In an action for assault and battery the conversation of a third person with one of the parties concerning the trouble, who came upon the scene of the assault just at the close of the altercation, is admissible as part of the *res gestæ;* and also to discredit the other party's version of the affair.

**Same:** EVIDENCE OF MENTAL CONDITIONS. Mental conditions are not exclusively a matter of expert evidence; and in actions for assault and battery the plaintiff may testify to his own mental condition at the time of the affray, as bearing on the question of his damages.

**Evidence of physical conditions.** The plaintiff in an action for assault and battery may testify that one of his bones was broken as the result of the affray, when speaking from his own examination and experience.

**Remarks of court:** PREJUDICE. While it is unwise for the trial court to indicate its view of the weight to be given testimony permitted to go to the jury, still it is often proper and helpful for it to indicate the rules applicable to questions raised by objections; and it is also proper for the court, to prevent the real issues from being obscured by collateral matters, to insist that counsel confine the evidence to the issues raised.

*Appeal from Tama District Court.*— HON. J. M. PARKER, Judge.

TUESDAY, JULY 7, 1908.

ACTION at law to recover damages on account of an assault and battery. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*C. A. Pratt,* for appellant.

*C. Nichols* and *Struble & Stiger,* for appellee.

WEAVER, J.— While the plaintiff's petition as originally filed stated several causes of action, the only one involved in this appeal is a count for damages for an alleged assault and battery. The defendant denied the charge, and alleged that he was first assaulted by the plaintiff, and that he used no more force or violence upon his assailant than was reasonably necessary in the defense of his own person. On this issue of fact the jury found against the defendant, and the court overruled his motion for a new trial. Of the errors assigned in support of the appeal counsel have argued the following:

I. Just as the altercation between the parties came to an end the wife of plaintiff arrived on the scene, and a conversation took place between her and the defendant concerning the trouble and its origin. As a witness upon the trial the plaintiff was permitted to relate this conversation, and error is assigned thereon. The testimony was clearly admissible, both as a part of the *res gestæ,* and as tending, in some measure at least, to discredit the defendant's version of the affair.

1. ASSAULT AND BATTERY: evidence: *res gestæ.*

The plaintiff was also asked by his counsel whether he "was calm or in a state of excitement at the time," and over an objection by defendant was allowed to say that he was "terribly excited." It is somewhat doubtful from the record whether this statement had reference to the time when the struggle between the parties began, or to the time when the plaintiff's wife appeared and intervened between them, but from its

2. SAME: evidence of mental conditions.

connection with the rest of the narrative we assume the witness was speaking of the latter. If, as the jury were justified in finding, the defendant was guilty of an unprovoked assault and battery, the plaintiff was entitled to recover damages for mental suffering, as well as the physical injury sustained. The evidence objected to has a legitimate bearing upon this phase of the controversy, and there was no error in its admission. Mental conditions are not always or exclusively a matter for expert opinion, and we know of no reason why a person may not testify to his own mental suffering whenever that question is material to the issue being tried. See *Flam v. Lee,* 116 Iowa, 294.

Plaintiff also testified to his treatment by a physician for injuries received at the hands of defendant, and that, upon examination, his breastbone was found to be fractured.

3. EVIDENCE OF PHYSICAL CONDITIONS. This statement, it is argued, should have been excluded as an attempt to testify to a discovery made by the physician, and not to a fact known by the witness. The objection is untenable. The witness was told that his own knowledge only was called for, and not a mere repetition of what the physician had said. It is probably true that a person suffering a physical injury may not be able to say, from an actual visual examination of the bones of his body that an arm, leg, shoulder, or breastbone has been broken, but we think it entirely competent for him to state the fact, speaking from his own experience, examination, and suffering. He may be mistaken in his conclusion, but the conclusion is one of those so inseparably associated with fact that the witness is competent to testify thereto. The same question of law was before this court in *Ferguson v. Davis County,* 57 Iowa, 604, where the plaintiff, in a personal injury case, was permitted to testify that his ribs were fractured. See, also, *Wright v. Ft. Howard,* 60 Wis. 119 (18 N. W. 750, 50 Am. Rep. 350). Several other objections are urged to the rulings of the trial court upon the admission of testimony, but we do not feel justified in extending this

opinion for their discussion. We have examined them all, and find nothing upon which a claim of prejudicial error can be maintained.

II. Complaint is made that the trial court indulged in remarks during the trial and in the presence of the jury tending to prejudice the defense. We shall not attempt to set out the language here complained of. It consists, almost entirely, of the reasons given by the court, from time to time, for its rulings upon objections to testimony offered by the respective parties, and in none of them do we find anything which does not square with the strictest rules of judicial propriety. It is also said that the court, in seeking to expedite the trial, made statements or suggestions tending to discredit the manner in which the defense was being presented, but we find nothing in that respect to which the defendant can justly except. It is, of course, neither wise nor proper for the trial court to indulge in remarks or suggestions indicating its view of the weight to be given to any testimony permitted to go to the jury, but it frequently happens that a brief, impartial statement of the court's view of the rule applicable to the proposition raised by an objection is of great value to both parties, and prevents confusion and complication, which are sure to follow when the examination of witnesses is not regulated by established standards. In cases of this kind, where much personal feeling is involved, there is quite sure to be an effort, on part of one or both parties, to get before the jury irrelevant matters concerning prior and remote dealings between them as affording some mitigation on the one hand, or aggravation on the other; and if the trial court, after a long and arduous effort to keep the scales of justice in balance and prevent the real issues from being obscured by collateral and irrelevant matter, is finally wearied into a mild expression of impatience, and insists upon counsel coming to the point and trying nothing but the issues presented by the pleadings, we think it affords no ground for an assignment of error.

*4. REMARKS OF COURT: prejudice.*

No question is raised as to the sufficiency of the evidence to support the verdict. If the jury believed the plaintiff's version of the difficulty, as it evidently did, he was clearly entitled to recover substantial damages. Such a case ought not to be remanded for a new trial, in the absence of a clear showing of prejudicial error in the record. This has not been made, and the judgment of the district court is therefore *affirmed*.