## COX et al. v. UNITED STATES.
### No. 6795.

Circuit Court of Appeals, Seventh Circuit.
April 4, 1939.

---

[2] Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158.

[3] 28 U.S.C.A. § 111.

Edward H. S. Martin and John B. King, both of Chicago, Ill., for appellants.

William J. Campbell, U. S. Atty., and William M. Lytle, Atty., Department of Justice, both of Chicago, Ill., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C., for the United States.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from a judgment for defendant, upon verdict, in a suit brought on a claim for total permanent disability and death benefits under a war risk insurance contract. The errors relied upon for reversal arise out of rulings on evidence.

The alleged errors related to the action of the trial court in sustaining objections of the defendant to certain proffered evidence. The excluded evidence may be summarized as follows:

1. Testimony of lay witnesses respecting the physical condition of the defendant.

2. Portions of testimony in a deposition of one of plaintiffs' witnesses responsive to cross-examination by defendant.

3. Portions of documents offered in evidence by plaintiffs after defendant had introduced other portions of the documents.

Plaintiffs relied upon pulmonary tuberculosis as a cause of the alleged permanent total disability of the insured and it was necessary for the plaintiffs to show by a preponderance of the evidence that the deceased veteran became totally and permanently disabled during the lifetime of the

war risk insurance policy. It is plaintiffs' contention that total permanent disability existed on July 23, 1919. The veteran died May 7, 1922, and apparently was totally disabled by reason of pulmonary tuberculosis in June, 1921. The lay testimony which was excluded was offered for the purpose of showing that pulmonary tuberculosis which existed in 1921 had existed continuously from and after July 23, 1919. Such testimony was vital to the cause of the plaintiffs since the two doctors who had treated deceased during that period, and had attended him three or four times a week, had died prior to the trial of this case. Obviously, the fact that the testimony was vital to plaintiffs' case does not render any otherwise incompetent testimony competent, but the fact that there was a lack of any medical testimony available from the doctors who treated the veteran during that period increased the likelihood of prejudice in case any of the lay testimony was erroneously excluded.

Plaintiffs' witness Esther Cox testified by deposition as follows: "When he came back from the army, he looked rather thin. He wasn't active like he had been. He was saying that he had no appetite. He did not eat much when he first came back there. He went to work for Moore & McFerren as soon as he got back and worked for them five days. That is absolutely all the work he did for them. I saw him that last day he worked for Moore & McFerren. His physical appearance when he came back after quitting Moore & McFerren, after working five days, was that he was severe sick. He was severe sick because I saw two men bring him in the house." Whereupon, on defendant's motion, the court struck out the words "he was severe sick. He was severe sick because."

Defendant justifies the exclusion of the evidence on the ground that "it was an opinion on a matter about which the jury could have reached its own conclusion if supplied with the facts as to insured's appearance, his actions, the assistance rendered him by the two men, and the general circumstances surrounding the incident." The witness was not expressing an opinion but was relating as a fact her sense perception of the physical appearance of the veteran. She definitely stated "that his physical appearance * * * was that

he was severe sick." It was error to exclude the first "he was severe sick." The added statement "He was severe sick because I saw two men bring him in the house" does take the form of an expression of an opinion as to the veteran's physical condition based upon the fact that two men were bringing him to the house. And technically it was not error to exclude the opinion, "he was severe sick because."

The following testimony of the same witness was excluded: "I say he had tuberculosis because he sat around and coughed and spit, lots of time spit up blood, just coughed all the time and spit up, a daily occurrence."

Undoubtedly the general rule is that a non-expert is not competent to testify as to the existence of a particular disease, "yet in the case of the common diseases and disabilities, familiarity with which is a part of general knowledge, one who has observed the patient during his illness and has seen similar cases may testify as to what disease or ailment he had, though there is some conflict in the application of the rule."[1]

There is conflict in the application of the rule in the case of tuberculosis. We accept the view that one who is without knowledge of the nature of tuberculosis and without some special experience in diagnosing the disease is not competent to express an opinion upon the question of whether a particular person is, or was, suffering from that disease. A non-expert is competent to testify to the physical appearance and condition and acts of a person both for their probative value for the jury and for the purpose of furnishing facts as the basis of hypothetical questions for experts. In the instant case the witness was competent to testify that the veteran "sat around and coughed and spit, lots of times spit up blood," etc., and the trial court should have limited the exclusion to "I say he had tuberculosis because," which is the opinion language of the excluded sentence. This conclusion applies to the exclusion of opinion testimony of other witnesses.

The trial court excluded the following testimony of the same witness:

"He would get worse and once or twice he broke loose with a hemorrhage and I had to call them." (the doctors) * * *

1 11 R.C.L. Sec. 31, p. 607.

"All I could say is he was rather thin, much thinner than when he left home. He lost, according to my estimate, about twenty or twenty-five pounds; he was much thinner and his trousers were about like that (indicating) much too large. I made the remark about that—some that he put on after he came back; you could run both hands down the front, and they fit him perfect when he left home."

In our opinion the trial court erred in excluding the foregoing testimony. The witness was describing as facts certain incidents and happenings which related to the physical condition of the veteran. The facts constituted circumstances which the jury properly could consider in the determination of the ultimate question whether the deceased veteran became totally and permanently disabled by reason of pulmonary tuberculosis on and prior to July 23, 1919.

Defendant suggests that the plaintiffs were not prejudiced by the exclusion of the testimony respecting "hemorrhage" for the reason that the witness "was permitted to testify that the insured had had a hemorrhage after she had explained what she meant by hemorrhage and what she understood a hemorrhage to be." The foregoing statement is somewhat misleading. It suggests a picture of the witness's being permitted to testify before the jury after a proper basis had been laid by showing that she understood the nature of a hemorrhage. But all the testimony of the witness was in the form of a deposition which was read to the jury. In the cross-examination is the following: "I spoke of a hemorrhage. By that he spit up blood, a big clot of it, and it came through his mouth and nose." No motion was made to strike that testimony; but the reasonable inference is that the jury gave no effect to that in the face of the striking out of the direct testimony respecting the hemorrhage.

Upon objection of the defendant the court excluded four questions and answers which were a part of the re-cross examination of plaintiffs' witness. The questions and answers are as follows:

"Q. You know what he was being examined and treated at that clinic for? A. Yes, the nurse came to my house and told me. ..

"Q. It was syphilis? A. No, she told me it was pulmonary tuberculosis.

"Q. And they treated tuberculosis cases at the clinic at Memphis General Hospital? A. They didn't take him. They wanted to send him to Oakville.

"Q. Why didn't he go to Oakville? A. Because the government, in the Falls Building, sent him to Johnson City. He didn't want to go to Oakville."

The remainder of the re-cross examination as found in the deposition was admitted. It is plaintiffs' position that a litigant cannot thus speculate with cross-examination and have the advantage of the answers if favorable but exclude those that are unfavorable. In respect to that question the Supreme Court of Illinois commented as follows:[2] "That part of his evidence to which objection is taken, was brought out on cross-examination of the witness by counsel now insisting it is improper. Of that there can be no just ground for complaint. Counsel will not be allowed to cross-examine a witness, and if the testimony elicited is not satisfactory, have it excluded. That would enable a party to experiment with a witness, which is not allowable."

The four questions and answers should not have been excluded. Their presence for consideration by the jury was not without considerable importance to the plaintiffs. It is clear from the portion of re-cross examination which was left in evidence that the United States Government was seeking to leave the impression that the veteran went to the clinic at the Memphis General Hospital for treatment for syphilis and the evidence which was elicited by the four questions and answers which were stricken out contradicted any such inference.

The defendant introduced in evidence a portion of Government's exhibit 8 for the purpose of showing that claimant Ellezzer Cox, mother of the veteran, had admitted that the policy had lapsed on or before the 21st day of November, 1922. Whereupon the plaintiff offered in evidence a portion of the same exhibit which contained answers indicating that a claim existed for total and permanent disability incurred during service. The portion offered by plaintiffs has some relation to the portion offered by defendant since it at least tends

---

[2] Capen v. DeSteiger G. Co., 105 Ill. 185, 190.

to show that the apparent admission that the policy had lapsed referred only to a lapse by reason of non-payment of premiums.

Also defendant offered only a portion of Government's exhibit 2 which included answers made by the veteran in a claim for compensation which was filed by the veteran. One answer tended to contradict testimony of one of plaintiffs' witnesses respecting the veteran's ability to work after his discharge from the army. Whereupon the plaintiffs offered in evidence other portions of exhibit 2 which contain answers relating to the time of the origin of his discharge as well as to the question of his ability to work.

We are of the opinion that the proffered portions of the exhibits should have been admitted. It has been stated that proffered portions are admissible if they "qualify, limit, modify or destroy the effect of the earlier admission."[3] We are of the opinion that it is sufficient if the proffered portion is a part of the same instrument and substantially relates to the subject matter of the earlier admission;[4] or if it qualifies, explains, or contradicts the earlier admission.[5]

The trial court excluded the testimony of a witness to the effect that the veteran "wasn't able to get down off the steps"; but admitted testimony of the same witness in which the witness stated that he knew the veteran wasn't able to get up and down the steps "because I was in the house every morning in and out, took orders for what they wanted to eat, so I saw him." If the first statement of the witness was excluded improperly, no harm was done in view of the admission of the subsequent testimony. But we think it was error to exclude the following questions and answers which are found in the deposition as a part of the cross-examination of the witness by the defendant:

"Q. You don't know what fever this man had? A. No, I don't how much, but I know he had fever.

"Q. How do you know he had fever? A. I waited on him a lots.

"Q. Tell us how you found it out by waiting on him. A. By lifting him."

We are of the opinion that the erroneous rulings substantially prejudiced plaintiffs' cause.

The judgment of the District Court is reversed.

[3] Merchants' Loan & Trust Co. v. Egan, 222 Ill. 494, 502, 78 N.E. 800.
[4] Moore v. Wright, 90 Ill. 470.
[5] Olson v. Brundage, 139 Ill.App. 559, 562.