Anthony **FRISONE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16238.

United States Court of Appeals
Ninth Circuit.

Sept. 21, 1959.

Rehearing Denied Nov. 16, 1959.

Cantillon & Cantillon, James P. Cantillon, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, MARTIN and ORR, Circuit Judges.

ORR, Circuit Judge.

During a trial of appellant in the district court on a charge of having committed perjury at a previous trial wherein he was charged with a violation of the Mann Act (18 U.S.C. § 2421), the court sustained an objection to a question propounded to appellant. His counsel then attempted to make a so-called offer of proof which the trial court refused to allow. The assignments of error are confined to these rulings and, therefore, constitute the only questions with which we are concerned on this appeal.

At the trial of the instant case, the falsity of the testimony given at the previous trial was admitted. The defense relied upon was that appellant suffered from an impaired memory and, hence, was without willful intent to testify falsely. Appellant in his first appearance on the witness stand in the instant case testified at some length as to the failing state of his memory. He further testified that he had endeavored to refresh his recollection before the Mann Act trial as to the facts involved in that case by consulting with divers and sundry people whom he believed had knowledge of the facts, and that, as a result of such consultations, he honestly believed at the time he testified that what he said was true. After so testifying in the perjury trial, appellant was excused as a witness but later recalled, whereupon the following proceedings occurred:

"Direct Examination
[by Mr. Cantillon, attorney for
appellant-defendant]

"Mr. Cantillon: Mr. Frisone, I'm going to ask you if you have ever suffered from any mental illness in the past.

"Mr. Jensen [attorney for the government]: I'll object to that as being improper and immaterial and irrelevant, if the court please, and without more foundation—

"The Court: I cannot see any bearing upon the issue here.

"Mr. Cantillon: Well, I'm going to offer to prove, your honor, that—

"Mr. Jensen: If the court please—

"Mr. Cantillon: —he was treated in the Marine Corps.

"The Court: No. We don't want to have any offer of proof. There is no plea of insanity here.

"Mr. Cantillon: No, it's not based upon that. It's based upon the subject of an honest belief. Recollection; failure of recollection—

"The Court: Well, I don't think failure of recollection is a defense to a plea of not guilty in the federal courts.

"Mr. Cantillon: The proposition of his—well, I think I have stated my point.

"The Court: All right.

"Mr. Cantillon: I have nothing further.

"The Court: All right. Step down. * * *"

■■ It is evident from the nature of the question asked, and in view of the fact that appellant had previously testified that his memory was poor, that the purpose and intent of recalling appellant was to have him corroborate the testimony as to his faulty memory by testifying about the cause thereof. This he was not competent to do. It must have been evident to the experienced trial judge that an offer of proof that appellant was treated in the Marine Corps could not of itself qualify appellant to testify that the mental condition for which he was treated in the Marine Corps, if such treatment were given, resulted in loss of memory. Such testimony could only be given by experts. If counsel's purpose was to lay a foundation upon which to base later hypothetical questions propounded to an expert, he should have so advised the court. The record does not support an inference that counsel had any such idea in mind.

■ The purpose of an offer of proof is to make a record so that an appellate court can get a clear idea of whether error has been committed in sustaining objections to questions asked.

McDonald v. United States, 10 Cir., 1957, 246 F.2d 727, certiorari denied 1957, 355 U.S. 863, 78 S.Ct. 95, 2 L.Ed.2d 68. "But a formal offer of proof is not necessary where the record shows, either from the form of the question asked or otherwise, what the substance of the proposed evidence is." D'Aquino v. United States, 9 Cir., 1951, 192 F.2d 338, 374. See also Buckstaff v. Russell & Co., 1894, 151 U.S. 626, 14 S.Ct. 448, 38 L.Ed. 292. The test to be applied by an appellate court where an offer has been denied is whether any conceivable answer to the question would have been admissible. D'Aquino v. United States, supra. We fail to comprehend a single admissible answer to the question "I'm going to ask you if you have ever suffered from any mental illness in the past", in the absence of an offer to connect it up by expert testimony as to the effect of such illness on appellant's memory.

█ As a general rule, a witness may not testify to his own mental condition, past or present. Piquett v. United States, 7 Cir., 1936, 81 F.2d 75; O'Connell v. Beecher, 1897, 21 App.Div. 298, 47 N.Y.S. 334; Commonwealth v. Dale, 1919, 264 Pa. 362, 107 A. 743, 6 A.L.R. 1482; 32 C.J.S. Evidence § 506. As heretofore pointed out, the evident purpose of the question asked and the proof intended to be elicited was to establish that the mental illness from which appellant was said to suffer was of such a serious nature that it resulted in a permanent impairment of his memory. Such testimony by appellant was inadmissible as being hearsay or opinion evidence. See United States v. McCreary, 9 Cir., 1939, 105 F.2d 297. In analogous cases, lay witnesses have been held incompetent to testify as to the existence or treatment of physical illnesses: United States v. McCreary, supra (treatment of amebiasis or the existence of an ulcer); Cox v. United States, 7 Cir., 1939, 103 F.2d 133 (existence of tuberculosis); United States v. Johnson, 8 Cir., 1938, 94 F.2d 539 (existence of diabetes on the basis of test results); Peters v. Mutual Life Ins. Co. of New York, D.C.M.D.Pa.1939, 26 F.

Supp. 50 (past heart attack). On the other hand, lay witnesses have been allowed to testify as to common illnesses the existence or treatment of which can be termed a "fact" within the common knowledge of lay persons: Kinner v. Boyd, 1908, 139 Iowa 14, 116 N.W. 1044 (existence of broken bone); Smith v. Weber, 1944, 70 S.D. 232, 16 N.W.2d 537 (treatment for throat infection). The difference between "fact" and "opinion" is not "a difference between opposites or contrasting absolutes, but a mere difference in degree with no recognizable line to mark the boundary." McCormick, Evidence (1954) p. 22. A similar line has been drawn with respect to lay testimony on mental condition. A witness has been held to be competent to testify that she was nervous, State v. Lindsay, 1911, 85 Kan. 192, 116 P. 209, or that he had a worried and anxious state of mind, Freiburg v. Israel, 1919, 45 Cal.App. 138, 187 P. 130. In accord with these latter cases, appellant in the present case was allowed to continually testify as to his faulty recollection and poor memory. But testimony as to the existence or treatment of a mental illness serious enough to cause permanent memory impairment falls clearly outside the area of common knowledge and within the area where expert testimony is required.

Appellant relies upon the cases of Leaptrot v. State, 1906, 51 Fla. 57, 40 So. 616 and State v. Coyne, 1908, 214 Mo. 344, 114 S.W. 8, 21 L.R.A.,N.S., 993 to support his position. Those cases are not apposite to the instant case. There witnesses testified to another person's insanity, whereas here the appellant was asked to testify to his own mental illness, and not only to its existence, but also to its resulting effect upon his memory. It is well settled that only expert testimony will be allowed on technical questions of causation. Ball v. Sheldon, 2 Cir., 1914, 218 F. 800; Spivey v. Atteberry, 1951, 205 Okl. 493, 238 P.2d 814, 27 A.L.R.2d 1259.

█ Complaint is made that the trial court committed error when it remarked that failure of recollection is not a de-

fense in a federal court. No prejudice could have resulted from that remark because of the explicit instructions given by the court on that subject, to wit:

"You will note that the acts charged in the indictment are alleged to have been done 'willfully'.

"The word 'willfully' means more than knowingly or voluntarily, and includes having an evil motive or a bad purpose.

"The use of the word 'willfully' assures that no one will be convicted because of mistake or inadvertence or other innocent reason. * * *

"A false answer purposefully made cannot be said to have been willfully made if it was made by or through surprise, mistake, or inadvertence or if the false answers were made through forgetfulness or through a poor or mistaken recollection of facts."

Judgment affirmed.