MEMORANDUM *
Defendant-appellant Marisela Castro-Juarez (Castro) appeals the district court’s grant of summary judgment in favor of the United States stripping Castro of her naturalized U.S. citizenship. The district court found that Castro willfully misrepresented and concealed material facts to procure U.S. citizenship because she failed to disclose her criminal history on her application for naturalization and in her INS interview. Castro concedes that she misrepresented her criminal history, but argues that she did not do so willfully. She contends she was unable to recall those facts at the time she filled out the form, due to traumatic events in her past that caused her to repress her memories. Castro also argues that her criminal history was not material because the acts occurred outside the relevant five-year period leading up to her application for naturalization, and that the government has not sufficiently shown that her criminal history renders her ineligible for naturalization. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Summary judgment is review'ed de novo. The moving party bears the initial burden of identifying evidence in the record that *366 “it believes demonstrates the absence of a genuine issue of material fact.” Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party does so, however, the burden shifts to the nonmoving party to present “specific facts showing that there is a genuine issue for trial.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); see also Fed. R. Civ. P. 56(c).
The government is required to demonstrate by clear, convincing, and unequivocal evidence that Castro willfully misrepresented material facts on her application for naturalization. Kungys v. United States, 485 U.S. 759, 767, 772, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). There is no dispute that the government met its initial burden on summary judgment. The question is whether Castro created a genuine dispute of fact as to her state of mind at the time she filled out her naturalization application. Castro’s misrepresentation is “willful” if it was “deliberate and voluntary.” Espinoza-Espinoza v. I.N.S., 554 F.2d 921, 925 (9th Cir. 1977). Typically, a party’s state of mind is a factual issue inappropriate for resolution at the summary judgment stage. However, where the facts are undisputed, issues of state of mind can become questions of law. Braxton-Secret v. A.H. Robins Co., 769 F.2d 528, 531 (9th Cir. 1985).
Castro submitted an affidavit stating that the repeated sexual abuse she suffered as a child, as well as her time spent in foster care during adolescence, caused her to repress her memories of her years of illegal drug use, the near-year she spent in juvenile hall on burglary charges, and her additional arrest as an adult for use of PCP for which she made an appearance in court after having spent two nights in jail. Castro states that while she was in prison on unrelated charges over a decade later, she spent hundreds of hours in therapy and realized that the trauma of her past had caused her to repress memories of that past, including her criminal history. Castro submits no other evidence in support of her declaration.
Castro failed to create a genuine dispute of material fact here. “A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.” FTC v. Publ’g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997); see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (“When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.”). While Castro’s affidavit is quite detailed as to her history of abuse, she gives relatively few details about the events she claims are so critical to her case: the fact that she went through therapy, discovered she had repressed her memories, and in so doing was able to recapture years worth of traumatic memories that she had apparently lost. And, although she claimed she suffered trauma as a result of sexual and physical abuse, she offered no explanation as to why that affected her memory with respect to her juvenile incarceration of nearly a year and her subsequent arrest and jailing on drug charges.
Furthermore, even if she had tried to make such a connection, Castro, as a lay person, is not qualified to attest that her past trauma caused her memory loss. See Frisone v. United States, 270 F.2d 401, 402 (9th Cir. 1959); Lawson v. Lawson, No. 3:14-cv-00345-WGC, 2015 WL 5474763, at *2 (D. Nev. Sept. 17, 2015) (“Plaintiff may testify about his mental state and his physical condition, but he may not testify as to causation and cannot express medical diagnoses.”). Absent any expert evidence cor *367 roborating Castro’s statements, the district court did not err in refusing to accept Castro’s affidavit as evidence that her history of abuse caused her to forget her criminal history. Castro thus failed to present any evidence sufficient to raise a genuine dispute of material fact as to her state of mind.
As to materiality, Castro’s misrepresentations were material. A misrepresentation is material if it is “predictably capable of affecting, ie., [has] a natural tendency to affect, the official decision.” Kungys, 485 U.S. at 771, 108 S.Ct. 1537 (emphasis in original). In addition, the government must raise a “fair inference” that the applicant is statutorily ineligible for naturalization. United States v. Puerta, 982 F.2d 1297, 1304 (9th Cir. 1992) (quoting Kungys, 485 U.S. at 783-84, 108 S.Ct. 1537 (Brennan, J., concurring)). The government submitted an affidavit from a Homeland Security agent indicating that, had immigration officials known about the outstanding warrant for Castro’s arrest, her naturalization application would not have been approved. Additionally, it appears that Castro did not meet the good “moral character” requirement necessary for naturalization because she testified falsely during her immigration interview regarding her criminal history. See 8 U.S.C. § 1101(f)(6) (precluding a finding of good moral character where the applicant has given false testimony in order to obtain an immigration benefit); 8 C.F.R. 316.10(a)(2)(vi). The government has raised more than a fair inference that Castro was ineligible for naturalization.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.