## STAR v. BRUMLEY.

No. 17854. Opinion Filed Feb. 7, 1928.

(Syllabus.)

1. Negligence—Proximate Cause of Injury —Burden of Proof on Plaintiff.

In order to recover damages for an injury because of negligence, the burden is on the plaintiff, not only to show negligence, but to prove that such negligence was the proximate cause of the injury.

2. Highways — Automobiles — Action for Personal Injuries—Proof of Negligence of Driver by Circumstantial Evidence.

In an action for damages for injuries received by reason of alleged negligence of the defendant in driving an automobile over the plaintiff, such negligence may be established by circumstantial evidence, but the circumstances must be proved, and not themselves presumed.

3. Same—Evidence—One Presumption May not Be Based on Another.

Although a presumption of fact may arise from a proven circumstance in such case, such presumption cannot become a circumstance in the proof, as a basis for another presumption.

4. Same—Causal Connection not Established by Inference Based on Inference.

Since the alleged negligence must be the proximate cause of the injury in order to justify recovery, the causal relation between the alleged negligence and the injury cannot be established by an inference based on an inference.

5. Same—Insufficiency of Evidence in Action Against Driver of Automobile.

Record examined; held, that the evidence fails to establish the causal relation between the alleged negligence and the injury.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by E. Brumley against George Little Star, Charley Kirk, and Louis Drexil. Judgment for plaintiff against the defendant Star, from which he appeals. Reversed.

Walter L. Gray and Leahy, MacDonald & Files, for plaintiff in error.

Johnson & Stith, for defendant in error.

MASON, V. C. J. The defendant in error was plaintiff and the plaintiff in error was defendant in the trial court, and, for convenience, they will be referred to herein as they there appeared.

The plaintiff, Brumley, sued George Little Star, Charley Kirk, and Louis Drexil to recover $15,192, as damages for injuries alleged to have been received by reason of the negligence of the defendants in carelessly and recklessly driving a Cadillac automobile against and over the plaintiff.

Plaintiff's evidence discloses, substantially, the following facts:

Plaintiff testified that he was driving alone in his automobile along the road about three miles north of Fairfax, when he had

tire trouble; that he drove to the right of the road and got out to repair the tire, which was on the side next to the traveled part of the road; that it was dark and passing cars had their lights lighted; that while so engaged, several cars passed him, including two trucks with trailers; that one car ran over him and broke both legs; that he was unable to describe said car or to tell how fast it was running.

Two witnesses, one of whom was employed by a garage in Fairfax, testified that they drove from Fairfax about three miles north of town to a point approximately where the plaintiff was injured. They made this trip to repair a car, the driver of which had telephoned in for help. They did not see the plaintiff or his car, neither did they find the car for which they were hunting. On their way back to town, they passed several cars, but paid little attention to them, as they were watching the side of the road for the car out of repair. They both testified that, at a point about one and one-half miles from where the plaintiff was injured, they passed one car which was driving approximately 50 miles per hour, and one of the witnesses testified that he recognized the defendant Louis Drexil in this car. Neither testified that the plaintiff in error, Star, was in the car.

Two other witnesses testified that they were driving into Fairfax on said night and passed a man fixing a tire on the side of the road about three miles north of said town; that they passed several cars between the point where the man was fixing his tire and Fairfax; that it was dark and the lights on the cars were lighted; that they passed one car which was going very fast and "holding to the middle of the road" and that said car nearly collided with their car in passing; that after they arrived in town they went to the Fairfax hospital; that later the plaintiff was brought in and they helped carry him into the hospital.

Another witness testified he was driving along the road and saw the plaintiff repairing his tire; that a short distance further down the road he met the defendants in a car; that the defendant Star was driving said car; that he did not hear of plaintiff's accident until a week later.

The court sustained the demurrers to the evidence interposed by the defendants Drexil and Kirk, but overruled it as to the defendant Star. The defendant Star, as a witness on his behalf, denied that he was on said road at the time in question. Other evidence on behalf of the defendant was also introduced, which we deem unnecessary to set out herein.

The jury returned its verdict in favor of the plaintiff for $8,000, upon which the court rendered judgment.

The defendant Star has duly perfected his appeal, and for reversal urges several assignments of error, the only one of which we deem it necessary to notice is that the court erred in overruling defendant's demurrer to the evidence. Although the evidence was conflicting, the finding of the jury in favor of the plaintiff necessarily implies a finding that the defendant was on said road at the time of the accident and that he was driving more than 35 miles per hour. In driving more than 35 miles per hour, the defendant was violating the penal statutes of this state and, therefore, negligence on his part at that time will be presumed, but there is no direct evidence that the defendant drove over the plaintiff, as alleged. Neither is there any direct evidence as to the rate of speed the automobile was traveling which ran over the plaintiff.

It is competent to prove negligence, as any other fact, by circumstantial evidence, but in such case the circumstances must be such as reasonably lead up to and establish the fact sought to be proved. M., K. & T. Ry. Co. v. Greenwood (Tex. Civ. App.) 89 S. W. 810. It is elementary law that an inference of fact cannot be based on another inference: that a presumption cannot be based on another presumption. No inference of fact or of law is reliable that is drawn from premises which are uncertain. Where circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. As stated in U. S. v. Ross, 92 U. S. 281, 23 L. Ed. 707 (quoting from Starkie on Evidence, p. 80):

"In the first place, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence, as if they were the very facts in issue."

As above stated, the evidence was sufficient to establish the presumption that the defendant was negligent while driving his car at a point between the city of Fairfax and the place where the plaintiff was injured, but can we carry it further and say that because he was negligent at that time and place it will be presumed that he was still driving in a negligent manner when he came to where the plaintiff was repair-

ing his tire? Then, again, can we say that because he was presumed to be negligent when he came to where the plaintiff was located, such presumed negligence will be presumed to be the cause of the plaintiff's injury? We think not. The law requires an open, visible connection between the principal and evidentiary facts and the deductions from them, and does not permit a decision to be made on remote inferences. Best on Evidence, p. 95.

There must be a visible connection between the fact out of which the first presumption arises and the facts sought to be established by the dependent presumption. A., T. & S. F. Ry. Co. v. De Sedillo (C. C. A. Eighth Circuit) 219 Fed. 686.

The plaintiff had the burden, not only to show that the defendant was negligent, but that such negligence was the cause of the injury, and it is not sufficient for the plaintiff to show that the alleged negligence of the defendant may have caused his injury. And where, as in the case at bar, the testimony leaves the matter uncertain and shows that any one of several cars driving along the highway at that time may have caused the injury, the court should not permit the jury to guess which one caused the injury, especially so when there is no satisfactory foundation in the testimony for its conclusion. In other words, the plaintiff cannot recover where it is merely a matter of conjecture, surmise, speculation, or suspicion whether the injury was or was not due to the presumed negligence of the defendant. It might be argued, and with just as much reason, that any one of the other cars ran over the plaintiff.

In Wichita Falls & N. W. Ry. Co. v. Cover, 65 Okla. 110, 164 Pac. 660, the third paragraph of the syllabus is as follows:

"In order to recover damages for an injury because of negligence, the burden is on the plaintiff, not only to show negligence, but to prove that such negligence was the proximate cause of the injury. * * *"

In New v. Bradshaw, 89 Okla. 205, 214 Pac. 557, the first paragraph of the syllabus is as follows:

"The mere fact that an injury occurs, carries with it no presumption of negligence; that the injury or accident was the result of negligence of the defendant, is an affirmative fact for the plaintiff to establish by the evidence."

In K. C. S. R. Co. v. Langley, 62 Okla. 49, 160 Pac. 451, we held:

"A verdict, unsupported by evidence. and based upon conjecture, cannot be upheld."

From the foregoing, we are of the opinion that the trial court should have sustained the demurrer to the evidence.

The judgment is, therefore, reversed, with directions to grant a new trial.

PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 29 Cyc. p. 600; 20 R. C. L. p. 195; 4 R. C. L. Supp. p. 1345; 5 R. C. L. Supp. p. 1090. (2) 23 C. J. p. 50, §1792; 20 R. C. L. p. 180. (3) 22 C. J. p. 85, §27; 10 R. C. L. p. 870; 2 R. C. L. Supp. p. 1094; 5 R. C. L. Supp. p. 568; 6 R. C. L. Supp. p. 624. (4) 22 C. J. p. 85, §27; 22 R. C. L. p. 113. (5) 42 C. J. p. 1237, §1045.