Note.—See under (1) 28 Cyc. p. 1040. (2) 28 Cyc. p. 1041; anno. 9 L. R. A. (N. S.) 889; 22 R. C. L. p. 631.

---

## OKLAHOMA UNION RY. CO. v. BARTRAND.

No. 17774.    Opinion Filed Feb. 21, 1928.

(Syllabus.)

1. Carriers—Action for Injuries to Passenger Alighting from Interurban Car—Verdict for Plaintiff Sustained.

Record examined, and held, the evidence is sufficient to support the judgment rendered upon the verdict in favor of plaintiff below.

2. Evidence—View of Injuries by Jury in Personal Injury Suit—Expert Testimony not Essential.

The jury may be permitted to view the injuries complained of as resulting from the negligence of defendant, and expert testimony is not essential where such injuries are objective and discernable without the aid of science.

3. Damages—Verdict for $2,500 for Personal Injuries not Excessive.

Record examined, and verdict of $2,500 held not excessive.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Alexander S. Bartrand against the Oklahoma Union Railway Company for personal injuries as result of negligence of defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

Grant & Grant, for plaintiff in error.

Van H. Albertson and T. L. Blakemore, for defendant in error.

RILEY, J. This is an appeal from a judgment of $2,500, in compensation of personal injuries alleged to have been sustained by appellee as a result of acts of negligence and omissions of duties of appellant, the railway company.

The appellee, as plaintiff below, alleged that he sustained serious and permanent injuries resulting in pain and suffering when as a passenger for hire he alighted in the city of Sapulpa from one of the interurban cars of the defendant railway company. He averred that the motorman in charge of the car suddenly started the car at a place where passengers were discharged, and when he was about to leave the car, so as to violently throw plaintiff to the ground; that the accident resulted in the tearing of ligaments of his right leg, causing loss of use of his leg and the suffering of pain, past and future.

On appeal it is contended the evidence is insufficient to support the verdict. There was no serious nor unexplainable conflict in the evidence. The railway company contended that it was not aware of the accident at the time. The plaintiff contended that the car used was an old type, with an exit at the front; that he boarded that car at about 2 p. m.; that the operator of the car did not have a uniform cap; that the motorman sat on a stool while within the city; that there was somewhat of a partition in the car, whereas the defendant contended that it ceased to operate the old type of car earlier on the particular day of the alleged accident; that the operators of the car wore uniform headgear; that there was no partition in the old type of car, but two impassable partitions in the new cars; that the regulations required the motormen to stand while within the city. There was some dispute as to the particular side of the car upon which the entrance was located. There was undisputed evidence that plaintiff had poor eyesight. He was an octogenarian. We find the evidence, while apparently conflicting in detail, explainable and consistent as to the major facts establishing the accident.

Should the evidence be considered conflicting, there were two witnesses who corroborated the plaintiff, one a passenger on the car, another who operated a popcorn stand near the place of the accident, and it is settled that "where there is competent evidence reasonably tending to support the verdict, the same will not be disturbed on appeal." The contention cannot prevail.

While it is urged that plaintiff in his petition did not allege a violation of duty on the part of defendant, in that there was no averment that defendant in starting the car violated a duty owing to plaintiff, and, consequently, no primary and actionable negligence was pleaded, and, further, that it was not pleaded that plaintiff brought to the knowledge of defendant that he was attempting to alight from the car, we find the evidence sufficient to show that plaintiff was getting off at a regular stopping place, and he testified that as he was about to alight, the motorman sat on his stool and looked at him. We conclude that the evidence, in the absence of objection, was sufficient to establish a cause of action, even though, for the sake of argument, we concede the general allegations of the petition insufficient.

It is next contended that the trial court erred in permitting plaintiff to exhibit his feet and legs to the jury over defendant's objection, and in the absence of any competent evidence establishing that the condition of his right leg was due to or caused by the alleged injury.

This contention is based upon the rule in St. L. & S. F. Ry. Co. v. Criner, 41 Okla. 256, 137 Pac. 705, in effect, that expert testimony is necessary to show the injured physical condition resulted from the injury alleged, and the same rule in A., T. & S. F. Ry. Co. v. Nelson, 40 Okla. 1, 134 Pac. 388.

From a review of the cases relied upon, we find the first one mentioned to be a case wherein a woman passenger claimed a miscarriage occurring some days after her journey to be caused by an omission of the railway company to provide a step to assist her in alighting from the car. In the next case mentioned it was contended that the plaintiff in alighting from the car of defendant, and by reason of defendant's negligence, fell, bruised her hip, and injured her spine and kidneys, resulting in paralysis some months after the alleged accident. It was there held the evidence was insufficient "to submit to the jury as elements of damages whether as a result of her injuries plaintiff suffered from kidney disease and paralysis." In neither case was there evi-

dence from witnesses skilled in medicine, the diagnosis of diseases, surgery, or kindred science.

Herein the facts create a possible causal connection between the injury and the negligence of defendant. Here the injury was objective rather than subjective. Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 Pac. 230. There was no error in the trial court's ruling in this particular. Wigmore on Evidence, sec. 1158; Jones on Evidence, vol. 3, sec. 398; 22 C. J. 788; Swift & Co. v. Rutkowski (Ill.) 54 N. E. 1038; Langworthy v. Twp. of Green (Mich.) 54 N. W. 697. It is well-settled practice in the proper case to permit the jury to view the injuries in controversy.

It is contended, finally, that the damages awarded are excessive.

Here is an award of $2,500, for partial loss of use of a leg and for pain and suffering. While it is true the injured person has lived his biblically allotted span of life, his expectancy under the mortality tables does not have the entire voice in the amount of compensation awarded. The amount for pain and suffering may have warranted practically the whole amount of the verdict. We cannot say from the evidence the verdict was the result of passion or prejudice. Muskogee Elec. Trac. Co. v. Wimmer, 80 Okla. 11, 194 Pac. 107; C., R. I. & P. Ry. Co v. DeVore, 43 Okla. 534, 143 Pac. 864.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ.,concur .

Note.—See under (1) 10 C. J. p. 1064, §1452. (2) 22 C. J. p. 788, §898. (3) 17 C. J. p. 1106, §436; anno. L. R. A. 1915F, 30; 46 A. L. R. 1230.