SHEPPARD v. SCRIVNER-STEVENS CO.

No. 29431. June 23, 1942.

127 P. 2d 159.

W. P. Morrison and Ralph H. Schaller, both of Oklahoma City, for plaintiff in error.

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for defendant in error.

RILEY, J. Fannie Sheppard sued defendant in error, a corporation, and M. H. Berry for damages based on wrongful death of plaintiff's husband, L. E. Sheppard. The trial court sus-

tained a demurrer to plaintiff's evidence; plaintiff dismissed as to Berry, and appealed as to the corporation defendant.

Error is urged because (1) of exclusion from evidence of certain rules of the road promulgated by the Department of Public Safety; and (2) sufficiency of plaintiff's evidence as tested by defendant's demurrer.

On the evening of December 19, 1938, deceased, as a guest, was a passenger in an automobile operated by his brother, C. L. Sheppard, toward the south on State Highway 18 between Tecumseh and Macomb. The Sheppard automobile was disabled as a result of a collision with defendant's truck and remained for a time diagonally upon the paved part of the highway fronting southeast with its right rear wheel west of the center line of the paved way. The truck continued north approximately 200 feet from the automobile, where it was stopped, thence it was operated in reverse to a distance approximately 25 feet north of the disabled Sheppard automobile, where the truck was stopped with the left wheels upon the pavement and the right wheels on the shoulder abutting the east side of the paved way. Deceased and his brother got out of their automobile, ascertained that the tire was off on the left front wheel of their automobile, their front spring and radius rod were broken and their automobile lights were out. The deceased said he would obtain assistance to remove their disabled automobile. Defendant's truck driver, Norman, then standing near the right rear wheel of the Sheppard automobile, was making notations of its license number when M. H. Berry came over the crest of a hill approximately 100 feet south of the scene of the accident, driving an automobile northward, to strike and kill L. E. Sheppard and Ben F. Norman.

Negligence against the corporate defendant is predicated upon the act of stopping the truck east of the center of the paved way, so, as alleged, to make it impossible for northbound traffic to proceed in due course upon the highway and requiring such traffic to traverse the center and use the part of the highway on the west where deceased stood at the time of his injury and death.

Negligence is also predicated upon the failure of the corporate defendant to cause flares to be placed, as by rules of the road required, upon the highway. It is urged that the whole of the negligence constituting the proximate cause of the injury and resultant damage was concurrent upon the part of Berry, the driver of the third participating automobile, and the deceased truck driver, Norman.

We shall first consider the evidence excluded and concerning the alleged rule of the road requiring the use of flares. Section 6, art. 4, ch. 50, S. L. 1937, 47 O. S. 1941 § 356, provides as to the Department of Public Safety:

"The commissioner is hereby vested with the power and is charged with the duty of observing, administering and enforcing the provisions of this act and of all laws regulating the operation of vehicles or the use of the highways, the enforcement and administration of which is now or hereafter vested in the Department.

"(a) The commissioner is hereby authorized to adopt and enforce such rules and regulations as may be necessary to carry out the provisions of this act and any other laws, the enforcement and administration of which are vested in the Department; or any other criminal offenses or misdemeanors committed within the jurisdiction of the commissioner or his authorized assistants."

Under the authority of that act the Department of Public Safety promulgated certain rules or regulations sought to be admitted in evidence. These rules are:

"22. Whenever any motor vehicle is disabled upon the traveled portion of any highway or shoulder next thereto, except within the corporate limits of municipalities or upon streets or highways which are artificially lighted at

night, the following requirements shall be complied with during the period of such disablement:

"(a) During the time that lights are required (see paragraph 24), except as provided in subparagraphs (b) and (c) hereof, a lighted fusee shall be immediately placed on the roadway at the traffic side of the motor vehicle, as soon thereafter as possible and in any case within the burning period of the fusee, three lighted flares (pot torches) shall be placed on the roadway, as follows: One in the center of the lane of traffic occupied by the disabled motor vehicle and not less than 40 paces (approximately 100 feet) distant therefrom in the direction of traffic approaching in that lane, one not less than 40 paces (approximately 100 feet) from such vehicle in the opposite direction, and one at the traffic side of such vehicle, not closer than 10 feet from the front or rear thereof; provided, however, that if the motor vehicle is disabled within 300 feet of a curve, crest of a hill, or other obstruction to view, the flare in that direction shall be so placed as to afford ample warning to other users of the highway, but in no case less than 40 paces (approximately 100 feet nor more than 120 paces (approximately 300 feet) from the disabled vehicle. (Pamphlet of Rules and Regulations Affecting Trucks and Equipment, published by Department of Public Safety July 1, 1937).''

It is axiomatic that all are presumed to know the law—and whether as a result of the presumption indulged the citizenry know the law or not, they are bound by it. Ignorance of the law excuses no one. But how will the citizen know the law if the function of legislation is delegated without limitation to administrative agencies? The answer is that delegation of details to supplement exercise of law-making function must not be "unconfined and vagrant," but "confined within banks that keep it from overflowing." Panama Refining Co. v. Ryan, 293 U. S. 388, 55 S. Ct. 241. The delegation of power herein considered is broad, "to adopt and enforce rules and regulations as may be necessary, . . . ."

Plaintiff in error relies upon Matz

v. J. L. Curtis Cartage Co., 132 Ohio St. 271, 7 N. E. 2d 220, where in Ohio there was evidence that the defendant was a public utility and its truck, an instrument of the injury, was used in the public service. There is no such evidence here. There the rules admitted were promulgated by the Public Utilities Commission to regulate instrumentalities under its control. There the court conceived that involvement of rules and regulations governing the use of utilities was a matter of "vital consideration" in the decision rendered, but that "if this court had under consideration the question of regulation of the use of the highway by the general public through the instrumentality of a commission, a different conclusion might be reached."

In Goodlove v. Logan, 217 Iowa, 98, 251 N. W. 39, the Supreme Court of Iowa considered a liability said to arise from violation of a rule promulgated by the Highway Commission under authority of a legislative act empowering the commission to promulgate rules for general safety of traffic on the highways. That court held the act unconstitutional as being an unwarranted delegation of the legislative function, and inquired as to how, under such a delegation of law-making power, the individual citizen using the highway was to be presumed to know the law. It was pointed out that the commission could meet at its will in different places, enact rules and regulations today, to revoke them tomorrow, and certainty as to conduct on journeys could not be had without daily contact and information from the selected lawmaking agency.

In Arkansas, Snow v. Riggs (1923) 172 Ark. 835, 290 S. W. 591, the Legislature sought to confer on the State Highway Commission power to make all necessary and reasonable rules to regulate traffic on state highways, and particularly the authority to regulate the placing thereon of appropriate road and danger signals. The court held the authority for rules of traffic promulgated indefinite, and consequently insufficient.

In Tennessee, Long v. Tomlin, 22 Tenn. A. 607, 125 S. W. 2d 171, there was offered in evidence traffic regulations issued by such an administrative agency, but the court held they were not law and not promulgated by any agency empowered to make law.

In Peterson v. Lang Transportation Co., 32 Cal. App. 2d 489, 90 P. 2d 94, the decision is predicated upon a statute requiring flares to be placed in advance and rear of a disabled commercial vehicle standing on the highway. (Sec. 590, Cali. Vehicle Code, St. 1935, p. 194.) There is no such statutory rule of conduct in this state.

It is said in the Ohio case, supra, Matz v. J. L. Curtis Cartage Co., that rules and regulations of administrative agencies never have the full effect of law, but have legal effect only in the sense that they have enforceability. Schumer v. Caplin, 241 N. Y. 346, 150 N. E. 139. And it is noted in 87 A. L. R. 547 that the general rule against delegation of legislative power has been held by many decisions not to preclude the conferring upon administrative officers the power to prescribe or vary regulations concerning motor vehicles used on the highway. See, also, Ex parte Tindall (1924) 102 Okla. 192, 229 P. 125, concerning motor vehicle carriers, regulation of their rates and fares and relationships with the public under regulations by the Corporation Commission and requiring a certificate of convenience and necessity.

Regardless of the conclusions that may be reached upon the query presented and considered, it is apparent that the rules and regulations sought to be admitted in evidence concerned and governed the conduct of a motor vehicle "disabled upon the traveled portion of any highway or shoulder next thereto," whereas, the corporate defendant's truck was not shown by evidence to be disabled. In fact, the evidence of its movability forward and in reverse established the contrary. Therefore, the rules and regulations, if valid, governed only the conduct of the Sheppard automobile, the operator of which is not here sought to be charged with responsibility. No error occurred in the exclusion of this evidence.

It is urged that but for the blocking of the east line of traffic on the paved way and adjacent shoulder, the automobile of Mr. Berry could have avoided the accident, but it is obvious from plaintiff's evidence that in the direction from which Mr. Berry approached, the way was blocked by the disabled Sheppard automobile. The witness Strickland so testified. There is no evidence that defendant's truck was operated in a negligent manner so as disable the Sheppard automobile. Therefore, assuming that the blocking of the way by the truck of the defendant constituted negligence, in view of the intervening blockage, by the Sheppard automobile, it is certain that the defendant's negligence was not the proximate cause of the injury. Star v. Brumley, 129 Okla. 134, 263 P. 1086.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. DAVISON, J., concurs in conclusion. ARNOLD, J., dissents.