SPIVEY et ux. v. ATTEBERRY.

No. 34114.   Sept. 18, 1951.

Rehearing Denied Dec. 18, 1951.

*238 P. 2d 814.*

Thad L. Klutts and Sam Montgomery, Oklahoma City, for plaintiffs in error.

James B. White, Oklahoma City, for defendant in error.

PER CURIAM. Jeff Atteberry commenced this action against Roy Spivey and Mrs. Roy Spivey for damages for injuries sustained by the plaintiff from having been bitten by a dog owned by the defendants.

The plaintiff, in substance, testified that at or about 6:30 on the afternoon of a certain day he was walking on the public sidewalk and was bitten by the dog; that his flesh was pierced to an extent as to cause a flow of blood; that he walked on to his home where a dressing was put on his wound and that he then walked to a certain hospital where three or four "shots" were administered to him, after which he returned to his home. That the next day and for three or four days thereafter he attended his regular daily labors and until one afternoon when he became sick; that he had a kind of breaking out on his body and itched and was nervous and weak. That his condition grew worse and he again entered the said certain hospital and was there given treatment for several days. That he suffered pain from swollen and itching flesh and aching joints over a period of days, and was unable to return to gainful employment for a period of 60 days because of his illness.

The administrator of the hospital identified certain records of the hospital. These exhibits, received in evidence, show an amount of charges made against the plaintiff for room service, drugs and sundries over a period of three days beginning with a date seven days after the date of the dog bite, and show a medicine charge for gas gangrene on the date of the dog bite. One of the exhibits bears the designation, "Emergency Case Report," and contains the name of the plaintiff, and the following entries:

"Physician's report

"Diagnosis Dog bite Lateral sepect, left knee treatment Skin Test for A. T. S. & C. S. Sensitive Given in broken doses Hot packs advised."

The hospital administrator testified that according to the hospital records the plaintiff was given tetanus serum on the date of the dog bite.

The defendants demurred to the evidence, which demurrer was overruled.

The case was presented to the jury on the theory that the dog bite and open wound sustained by the plaintiff was such as required a necessary preventive medicine, to wit: Anti-tetanus serum; and that the serum on being taken by the plaintiff caused a painful

illness with resulting hospital bills and loss of wages for a period of 60 days.

The jury returned a verdict in favor of the plaintiff, and for a total sum more than sufficient to cover the hospital bills incurred by the plaintiff and the loss of wages shown by the plaintiff. Judgment was entered in accord with the verdict.

The defendants assert there was no sufficient evidence to support the verdict and judgment.

There is no evidence that the dog bite in itself caused any considerable loss and suffering. The items of damages claimed by the plaintiff were for injuries claimed to have resulted from the necessary medication taken because of the dog bite. Inherent in the verdict is a conclusion of the jury that in a proper and necessary treatment of the dog bite wound there was a resulting extended illness and pain and suffering and loss of time from work.

"Frequently, the jury, or the court trying a case without a jury, is confronted with issues the proper understanding of which requires scientific or specialized knowledge or experience and which cannot be determined intelligently merely from the deductions made and inferences drawn on the basis of ordinary knowledge, common sense, and practical experience gained in the ordinary affairs of life. The untrained layman is unqualified to diagnose diseases, and still less is he able to form a sensible opinion as to the propriety of the treatment of diseases and disorders. . . . On such issues, testimony of one possessing special knowledge and skill is required in order to arrive at an intelligent conclusion. In such cases, witnesses possessing requisite training, skill, or knowledge, denominated 'experts,' may testify, not only to the facts, but to their opinions respecting the facts, so far as necessary to enlighten the jury and to enable it to come to a right verdict. . . ." 20 Amer. Jur., Evidence, §775, p. 647.

It is a settled rule that where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons. Ft. Smith & W. R. Co. v. Jones, 63 Okla. 228, 163 P. 1110; A., T. & S. F. Ry. Co. v. Melson, 40 Okla. 1, 134 P. 388; St. L. & S. F. Ry. Co. v. Criner, 41 Okla. 256, 137 P. 705.

In Tweed v. First Nat. Bldg. Corp., 203 Okla. 31, 218 P. 2d 356, it was said by the court:

"Actionable negligence may be established by circumstantial evidence, but the inference of negligence or causal connection to be adopted must be based on something more than mere speculation and conjecture. It is not sufficient to show a state of circumstances consistent with a mere possibility and to leave other possibilities of equal force and reason. The theory to be adopted must be the more probable and more reasonable to be adopted from the evidence, and the theory cannot itself furnish an element that is missing in the evidence. The theory must be applied to evidence."

Herein the burden was with the plaintiff to establish causal connection between the dog bite and the injuries for which he sought recovery. With acceptance of the evidence as establishing the fact of the dog bite and consequent necessity of plaintiff taking anti-tetanus serum, and that plaintiff did take the serum, the other evidence goes no further than to establish the fact that plaintiff thereafter suffered an injuring illness characterized in the certain symptoms as testified to by the plaintiff. Generally, to evaluate symptoms and determine the probable cause of an illness requires specialized knowledge and training not possessed by a jury of men drawn from the ordinary walks of life. Herein, in the absence of any testimony of one possessing special knowledge in diagnosis and treatment of physical disorders and diseases, the conclusion of the jury that plaintiff's illness was a reaction from a necessary treatment of the dog bite, or was caused by the dog bite, neces-

sarily rested in speculation and conjecture.

The judgment is reversed.

HALLEY, V. C. J., and WELCH, GIBSON, JOHNSON, and BINGAMAN, JJ., concur. CORN, DAVISON, and O'-NEAL, JJ., dissent.