**J. W. CALDWELL, as Administrator of the estate of Charles Caldwell, deceased, Plaintiff in Error,**

**v.**

**M & K OIL WELL CEMENTING, Inc., a corporation, and Leroy Rumner, Defendants in Error.**

**No. 36727.**

Supreme Court of Oklahoma.

Sept. 18, 1956.

Clem H. Stephenson, Seminole, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, for defendants in error.

JOHNSON, Chief Justice.

Parties occupy the same positions herein as in the trial court, and they will be referred to as they there appeared.

This action was brought by J. W. Caldwell as administrator for the estate of Charles Caldwell, his son, wherein he sued the M & K Oil Well Cementing, Inc., a corporation, and Leroy Rumner for damages for the wrongful death of his son allegedly caused by the negligent operation of one of its cars by its agent and driver, co-defendant Leroy Rumner. Defendants answered, denying liability and negligence on its part and alleged that the contributory negligence of the deceased was the proximate cause of his death.

The cause was tried to a jury upon the pleaded issues, and at the close of plaintiff's evidence in chief, a demurrer to the evidence was interposed by defendants. The demurrer was sustained for lack of evidentiary showing that defendants' vehicle was the one that ran over the deceased and caused his death.

Motion for a new trial was overruled. Plaintiff has appealed from the trial court's action in sustaining the demurrer to the evidence and the order overruling the motion for a new trial.

Concededly, a demurrer to a plaintiff's evidence admits the truthfulness of all evidence favorable to the plaintiff. The evidence most favorable to the plaintiff in the instant case establishes that the deceased, Charles Caldwell, went to sleep on the pavement with his feet off the pavement and the rest of his body on the pavement, with his head toward the center of the road. The deceased was five feet ten inches tall, which would mean that approximately five feet and some few inches of his body was on the pavement at the time of the accident. Undisputedly, defendant's vehicle was driven past this place traveling west; that the driver, Rumner, said that while driving to the left of the center of the highway he saw three boys lying on the pavement and pulled to the right to miss them; that he didn't think he hit them; that the defendant Rumner stopped at the top of the crest of the hill and turned around and returned to the place where the boys were. That the witness El Ray Sutton, one of the three boys on the highway, awoke about the time the defendant's car (which admittedly had passed him) reached the hill, some 900 feet west of where the boys were; that Sutton did not know that anything had happened to the other two boys at that time, but that by the time the car of the witness Cornelius arrived at the top of the hill and started down the hill toward the boys, Sutton realized that something was wrong with the other two boys, and waved to Cornelius to stop his car as he drove toward him, which he did; that at no time did Sutton look to the east to see if any vehicle had passed going in that direction immediately prior to his awakening. Plaintiff's witness (Cornelius) described the highway as being a difficult one to drive on at night, as there was no center line and that though driving toward the boys on the same side of the road that the boys were on, he could not see the boys on the pavement until after he stopped his car. There was testimony offered by the plaintiff that there were certain tire marks on the pavement that traveled from one side of the road to the other, passing over the place where the boys had been asleep,

but it was not shown that those tire marks were made by defendant's car.

This, in substance, constitutes the facts upon which plaintiff bases his argument that the court should have submitted to the jury the question of whether or not the defendant's vehicle was the one that ran over the boys and to submit the issue of whether or not negligence was involved in such act if it occurred.

 We are of the opinion that the action of the trial court was justifiable under the circumstances. There is no satisfactory foundation in the testimony for any other conclusion. To have concluded otherwise would have been merely a matter of conjecture, surmise or suspicion as to whether deceased's death was due to the presumed negligence of the defendants.

We have said that the plaintiff had the burden, not only to show that the defendant was negligent, but that such negligence was the cause of the injury, and it is not sufficient for the plaintiff to show that the alleged negligence of the defendant may have caused his injury. Star v. Brumley, 129 Okl. 134, 263 P. 1086. In that case we held that the trial court should have sustained a demurrer to the evidence where the evidence showed that the plaintiff, while fixing a tire at night on the side next to the traveled part of the road, was struck by one of several cars that passed him, as plaintiff could not recover against the defendant where the only evidence in the record was that the defendant has passed by the place where the plaintiff was fixing the tire at a speed in excess of that allowed by statute.

However, plaintiff contends that this appeal presents the question of whether negligence can be established by circumstantial evidence and argues that there was sufficient circumstantial evidence adduced to justify the submission of the cause to the jury. It is the settled law of this state that negligence and proximate cause for injury may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, as

shown by the cases cited by plaintiff, the latest one cited being Mealy-Wolfe Drilling Co. v. Lambert, 208 Okl. 624, 256 P.2d 818. But, as said in Star v. Brumley, supra, it is not sufficient, as against a demurrer, to merely show that the alleged negligence of the defendant may have caused plaintiff's injury. There is no direct evidence that the defendant drove over the deceased as alleged by plaintiff. Neither are there facts of circumstantial evidence, or circumstances which lead up to and establish that fact. The most that could be said is that defendant's alleged negligence may have caused the injury.

The court did not err in its order sustaining the demurrer to the plaintiff's evidence, nor in denying the motion for a new trial.

Affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.