Henry D. MATHIES, Administrator of the Estate of Jeannie Mathies, deceased, Plaintiff in Error,

v.

Sherrie Rae KITTRELL, Defendant in Error.

No. 38699.

Supreme Court of Oklahoma.

March 8, 1960.

Rehearing Denied March 29, 1960.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendant in error.

PER CURIAM.

The plaintiff, who is the administrator of the estate of Jeannie Mathies, deceased, brings this action seeking to recover damages for the wrongful death of the said deceased Jeannie Mathies, for the benefit of her surviving next of kin, Henry D. Mathies and Eileen Mathies, her parents.

The plaintiff states by his petition that on the 28th day of January, 1958, Jeannie Mathies, who was then a child of five years of age, was killed as a result of an automobile accident and that her death resulted from the negligent acts of the defendant, Sherrie Rae Kittrell, in the driving of a certain automobile; that as a direct and proximate result of the negligence of the defendant, resulting in the death of Jeannie Mathies, the parents of Jeannie Mathies have been deprived of her services and earnings from the date of her death until the time she would have attained her majority, to wit: eighteen years; that the reasonable value of said services was in the sum of $50,000 and the plaintiff, as the administrator of the estate of Jeannie Mathies and on behalf of her parents, prays judgment against the defendant in the said sum of $50,000.

The defendant first answered with a general denial but later amended the answer. First, she admits that she was guilty of negligence which proximately caused the death of plaintiff decedent; defendant further admits that plaintiff's decedent was of the age alleged in plaintiff's petition and that Henry D. Mathies is the administrator of the estate of Jeannie Mathies, deceased; defendant further alleges and states that the only issue between her and this plaintiff is the amount of damages which the plaintiff is entitled to recover in this action and tender that issue to the jury.

After the parties presented their evidence the jury returned a verdict for the plaintiff for $2,500.

The plaintiff appeals and contends error of the court in refusing to receive competent and relevant evidence as to the manner in which the deceased child met her death and of the gross negligence of the defendant. Also that the amount of the verdict in this case is so inadequate as to shock the conscience of the court, and

the court sitting as a thirteenth juror should not have allowed the same to stand.

 The first objection of the plaintiff is that the trial court refused to allow him to introduce any evidence as to the occurrence of the death and restricted the proof to the issues of damages only.

He then cites Fuentes v. Tucker, Cal., 187 P.2d 752, a California case which holds against his contention but relies upon the dissenting opinion written by one of the justices in that case and the cases cited therein and says that is the majority rule of all the courts and that rule should be followed by this court.

It appears to us the amended answer of the defendant was a full and complete admission of the fact of wrongful death and of liability therefor and proof thereof was unnecessary. The only evidence admissible was evidence establishing the amount of damages, if any, sustained by plaintiff as a direct and proximate result of the admitted negligence of the defendant in the accident complained of.

He also contends that the amount of the verdict is inadequate. The trial court gave the following instruction to the jury:

"You are instructed that the parents are entitled to the services and earnings of their children until they reach their majority. In arriving at the net amount of such earnings you will ascertain what such earnings or services were reasonably worth or would amount to, and from this sum you will deduct reasonable charges and upkeep of said child, such as food, clothing, medical expenses, and schooling, etc. Should your verdict in this case be in favor of the plaintiff, the amount of your verdict should be actual pecuniary loss which the parents have sustained on account of the death of their daughter, which will be the value of her services or earnings, until she should have reached her majority, less the expenses of her said upkeep as given you above, in no event to exceed the amount sued for, $50,000."

Wrongful death actions are purely statutory and the damages thereunder are limited to compensation for pecuniary loss sustained. The question of gross negligence or punitive damages cannot be considered. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316.

It would serve no useful purpose to engage in a further discussion of this case. Sufficient to say no complaint is made of the instructions and no reversible error appears from the refusal of the trial court in admitting evidence as to the manner in which the deceased met her death and of the gross negligence of the defendant.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.