**Ira Dean BARNETT, Plaintiff in Error,**

**v.**

**John D. RICHARDSON, Defendant in Error.**

**No. 40837.**

Supreme Court of Oklahoma.

May 24, 1966.

988

Tucker & May, McAlester, for plaintiff in error.

Arnete, Bratton & Allford, McAlester, for defendant in error.

## PER CURIAM.

This action was commenced by plaintiff, John D. Richardson, against the defendant, Ira Dean Barnett, for damages for personal injuries, resulting in a jury verdict and judgment for plaintiff in the amount of $2400.00. The defendant appeals. The parties will be referred to herein as they appeared in the trial court.

■ The first ground for reversal is predicated upon the assertion that the trial court committed reversible error in failing to grant defendant a continuance until the next morning for the testimony of defendant's only witness, a doctor. No written motion and affidavit for continuance was filed, as required by 12 O.S., Sec. 668, nor was permission asked to allow such an affidavit to be prepared. The movant simply stated that his witness, a doctor, had examined the plaintiff on the morning of the trial and had promised to be in court to testify when needed. No subpoena was issued or attempted to be served on the witness. There was no showing of diligence on the part of counsel. He simply asked for time "so that the whereabouts of Dr. Greenberger could be located." There was no showing of when the witness might be available, but simply that he was out of town. The case of Highway Insurance Underwriters v. Evans, 204 Okl. 205, 228 P.2d 361, cited by defendant contains an excellent statement of the law applicable to the situation, but he did not meet the requirements set forth in the statute: (1) that the witness was duly subpoenaed * * *, (3) such witness had the care and responsibility of the injured party, or (4) that he would be available as a witness the following day, as set forth in the cited case. Consequently, it is our opinion that the defendant did not use such diligence with respect to the missing witness as to lead us to conclude that the action of the trial judge in refusing a continuance under these circumstances to be an abuse of discretion.

■ The next error cited is based upon the contention that the court erred in permitting the testimony of W. R. Livingston to be read into evidence. Livingston was the investigating officer of the Oklahoma Highway Patrol and his statement which related to the fact that plaintiff had laid down certain skid marks after the impact of the vehicles and that the vehicle of defendant did not skid its tires. It is true that the defendant in his amended answer admitted negligence and at the time of trial under the pleadings the question of negligence was not an issue. The parties entered into a stipulation as to the testimony of the witness, but defendant reserved the right to object to the introduction of such evidence as to its admissibility. The court allowed the stipulation to be read into evidence over the objection of defendant that the same was irrelevant, incompetent, and immaterial because negligence had been admitted. The statement of the witness, however, further tended to prove that the admitted negligence of defendant was the proximate cause of the injuries of plaintiff. This causal connection was a proper and essential element in plaintiff's cause of action, and, consequently, the stipulation was competent and relevant. Mathies v. Kittrell, Okl., 350 P.2d 951, 80 A.L.R.2d 1221; Star v. Brumley, 129 Okl. 134, 263 P. 1086.

■ The defendant further asks reversal of the judgment of the trial court on the ground that plaintiff's alleged injuries were purely subjective and consequently he was disqualified from testifying to his injuries, pain, suffering and other consequences and such testimony could only be made by a medical expert. The case of Spivey v. Atteberry, 205 Okl. 493, 238 P.2d 814, 27 A.L.R.2d 1259, cited by defendant, supports defendant's theory, but this is a case involving an alleged illness resulting from the administration of anti-tetanus

serum subsequent to having plaintiff's skin broken by a dog bite. In that case the gist of the injury was the internal effects of the serum which was non-traumatic and consequently required the testimony of an expert. The other cases cited: Oklahoma Union Railroad Co. v. Bertrand, 129 Okl. 263, 264 P. 621; and Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okl. 566, 151 P. 230, are more nearly parallel to the case at bar, and hold, Where an injury is patent, objective rather than subjective, the plaintiff is competent to testify as to the injury, the treatment received therefor, and the reaction of such treatment, and this testimony is sufficient for the jury to render a verdict * * * and no expert medical testimony is necessary.

The evidence of injuries suffered by plaintiff was produced by two witnesses, being the plaintiff and Dr. W.

Dr. W testified that he attended and examined the plaintiff in a hospital emergency room soon after the collision and again on the day following the accident; that the examination disclosed that plaintiff had abrasions of his left knee; a bruise of his left hip, and a bruise of the back region of his scalp; that he had muscle spasms of his neck; that he had pain on motion of his neck; that he had an injury to the back of his head that produced some sprain or pulling of the ligaments or muscles of the neck so that he had pain on motion of his neck; that it would not be unusual for a person to be off work for a period of three months with the type of injuries received by plaintiff.

The plaintiff testified that at the time of his injury his home was in Arkansas and that he was a truck driver and earning $100 per week; that after he left the care of Dr. W he went to his home and immediately became a patient of Dr. S, a physician in his home town; that Dr. S treated him every day for a month; that Dr. S treated his neck injuries with heat treatments and shots and taped parts of his body; that it was about four months after the accident; that he was able to start working part time in about three months after the accident but that it was about four months after the accident that his neck didn't hurt him at all times and that he still had occasional pains; that he was under occasional treatment of Dr. S until the death of the doctor whose death occurred several months before the date of the trial.

The testimony of the plaintiff and Dr. W was admissible.

The pain, suffering and disability of plaintiff, coupled with his loss of earnings, more than adequately supported the verdict and judgment of $2400.00.

The judgment is affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.

The Court acknowledges the services of George S. Downey, who with the aid and counsel of Thurman S. Hurst and David L. Fist, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.