**Forney D. BAILEY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant,**

v.

**SERV-AIR, INC., Third-Party Defendant.**

**Civ. No. 66-72.**

United States District Court
W. D. Oklahoma.

Oct. 25, 1968.

FINDINGS OF FACT
AND CONCLUSIONS
OF LAW

BOHANON, District Judge.

### FINDINGS

1. On September 23 and 24, 1968 this action came on regularly for hearing before the Honorable Luther Bohanon, U. S. District Judge; the plaintiff Forney D. Bailey was represented by J. A. Rinehart and R. Dean Rinehart; the defendant and third-party complainant the United States was represented by David A. Kline, First Assistant U. S. Attorney; and third-party defendant Serv-Air, Inc. was represented by Lynn J. Bullis, Jr.

2. The plaintiff instituted this action pursuant to the Federal Tort Claims Act, Title 28 U.S.C. § 1346 to recover for personal injuries he received when burned in connection with a "hot pit" fire drill being conducted on July 17, 1965 at Vance Air Force Base. In essence, the plaintiff charged that the defendant the United States was guilty of negligence in supplying high octane aviation gasoline for the drill in question when previously JP-4 jet fuel had been used; that the fuel furnished for the instant drill vaporized more readily than the fuel customarily provided and that the plaintiff in lighting the rag torch to throw into the training drill pit to ignite the dispensed fuel stood closer to the edge of the pit than he would have had he been warned of the type of fuel in use with the result that plaintiff was enveloped in flames. Additionally, the plaintiff asserted that the United States as owner of the premises where the drill site was located was guilty of negligence in the manner in which such fuel dispenser and training pit were designed, constructed and maintained.

3. The parties stipulated, in substance, that at the time of the complained of accident the United States was the owner of the property on which Vance Air Force Base was located; that the fuel used in the training pit fire was high octane aviation gasoline con-

J. A. Rinehart and R. Dean Rinehart, El Reno, Okl., for plaintiff, Forney D. Bailey.

David A. Kline, First Asst. U. S. Atty., for defendant and third-party plaintiff, United States.

Lynn J. Bullis, Jr., Oklahoma City, Okl., for third-party defendant, Serv-Air, Inc.

taminated by JP–4 fuel and that said fuel was owned by defendant United States.

4. At the time of complained of accident plaintiff was assistant fire chief employed by Serv-Air, Inc., an independent contractor, which company had a written contract with the government to furnish among other services, fire protection for Vance Air Force Base. In the performance of its contract with the government, Serv-Air was required to measure up to certain specific standards of training and proficiency including a minimum of two mock fire drills weekly, and to comply with certain U. S. Air Force, Air Training Command and Wing regulations. To see that minimum standards called for in the contract were complied with, the Air Force, from time to time, had observers witness the fire fighting drills. Any recommendations made by Air Force personnel as a result of such surveillance were advisory; and the government did not through any of its employees or agents exercise that kind of authority or detailed control over Serv-Air, or any of its employees, so as to destroy the independent contractor relationship between Serv-Air, Inc. and the government.

5. The drill in question was being conducted under the supervision of Assistant Fire Chief Marlow Kirk, a Serv-Air employee. And at the time of the accident plaintiff Bailey was a participant in the drill—not an observer—and plaintiff was acting Fire Chief at such time—it being Fire Chief W. M. Moxley's day off. Moreover, on the day of the particular drill in question no military or other government employees were present.

6. The fuel used in this drill came from the fueling section at the base which was in the custody and under the control of Serv-Air, Inc. and its employees. The fuel used was drawn from some 22,000 gallons of high octane aviation gasoline which had been contaminated by some 600 gallons of JP–4 fuel which contamination was found by the Air Force to be sufficient to make such fuel unsafe for use in aircraft. As a result of an air force directive to dispose of such contaminated fuel "in the best interests of the air force", Robert C. Feeney, Fuels Manager Supervisor, employed by Serv-Air, allocated such fuel to the fire department for use in training drills. Fire Chief Moxley at the time such fuel was first delivered to the fire department was advised by Feeney, of Serv-Air, that high octane aviation-gasoline contaminated by a small amount of jet fuel was being furnished; and Chief Moxley posted written notice thereof on the fire department bulletin board. This contaminated gasoline was used by Serv-Air employees, including plaintiff Bailey, without incident, for approximately four weeks prior to the date of the accident in question, in bi-weekly fire drills.

7. This accident occurred on July 17, 1965 at approximately 9:00 a. m.—at which time the temperature was about 89 degrees Farenheit and the wind was at approximately three knots. The high octane gasoline used in this drill although vaporizing somewhat more rapidly than JP–4 fuel presented no greater hazard in its use considering the manner in which it was dispensed and considering the then existing conditions, including temperature and wind.

8. Because of undue delay by an employee of Serv-Air, Inc., in violation of standing Serv-Air instructions and directives, in bringing required fire equipment to the drill site, the fuel (consisting of from 400 to 600 gallons) lay in the pit for approximately twenty minutes longer than usual before the dispensed fuel was lighted. Plaintiff Bailey was present and aware of such delay. As a result, by the time the fuel was ignited, the vapor and fumes of the fuel which had been placed in the pit had spread over a larger area than was customary for such a drill.

9. At the time the plaintiff took a part in lighting the rag torch, he was dressed in a long sleeve, grey work uniform and was standing approximately ten feet from the edge of the drill pit.

10. The participation by plaintiff in the lighting phase of the mock drill placed him in a "hazardous situation" as such is understood in the firefighting field and as such term is used in a regulation then applicable—AFM 92–1, 5–3(6) which provides in part: "* * * All fire fighters participating in fires or hazardous situations are required (mandatory) to wear adequate protective clothing. And, "protective clothing" as such term is used includes bunker coat, bunker trousers and hood.

11. Plaintiff, in standing within approximately ten feet of the pit's edge in lighting the torch, was standing at a point of danger and was closer than good practice or due care dictated, regardless of type of fuel being used or regardless how long the fuel had been dispensed before lighting.

12. Had plaintiff been clothed with appropriate protective clothing, which was readily available, he would not have been injured in this mishap, regardless of all other attending circumstances.

13. There was a violation of good practice and a failure to use ordinary care on the part of fire department employees of Serv-Air, Inc. (including the plaintiff herein) in not having immediately available a crash truck near plaintiff at the time he was lighting the rag torch and initiating this drill.

14. Plaintiff Bailey, at the time of the instant accident had knowledge concerning the fuel used, the means of dispensing fuel into the training pit, the design of the pit itself, and an understanding of the techniques used and hazards involved—equal or superior to any other person—specifically including any military or civilian government personnel.

15. No agent, servant or employee of the government was guilty of negligence in connection with the furnishing of the fuel in question or in the design, construction or maintenance of the site where the drill was held. And, the means used to dispense fuel in this training pit and the basic design of such pit and fuel dispensing equipment were above average in design quality and maintenance when compared with that in use at the time in comparable drill sites throughout the United States.

16. Plaintiff, at time of this accident was covered by workmen's compensation under Oklahoma law as an employee of Serv-Air, Inc., and on the date of this trial had been paid $6,425.55 for temporary disability and medical benefits.

17. The delay in time between the dispensing of the fuel for the drill and the subsequent lighting thereof, which resulted in a spreading of vapor and fumes, was the proximate cause of this accident and intervened and superceded all prior causes, if any.

18. Plaintiff was guilty of negligence which formed a part of the proximate cause of this accident.

19. Plaintiff Bailey is not entitled to recover damages from the defendant United States.

## CONCLUSIONS

1. Where an independent contractor relationship exists between plaintiff's employer and the United States of America, the United States is not liable for personal injuries to said employee unless it has been guilty of negligence which caused or formed a part of the proximate cause of plaintiff's injury.

2. The fact that the contract between the government and an independent contractor gives the government the right to observe and conduct surveillance pointed toward seeing that the contractual requirements are met by the independent contractor does not destroy the independent contract relationship between the government and the contractor.

3. Where the United States has been guilty of no negligence the employee of an independent contractor's sole remedy is under the applicable Workmen's Compensation Act.

4. The substantive law of the place where the accident occurs governs the rights of the parties in an action

brought under Title 28 U.S.C. § 1346. And under Oklahoma law where a plaintiff himself is guilty of any negligence which contributes to his own injury he is barred from recovering damages in tort for such injury.

5. Under Oklahoma law the owner of property is not an insurer of business invitees thereon but owes a duty to warn of hidden dangers either known or which should have been known to the owner or occupant and unknown to the business invitee.

6. Under Oklahoma law the owner or occupant of property owes no duty to a business invitee to warn of dangers which are obvious or concerning property conditions about which the business invitee has equal or superior knowledge.

7. Plaintiff Bailey is not entitled to recover damages from the defendant United States; and the Third-Party action should be dismissed.