Howard W. JOPLIN, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 75–353–C.

United States District Court, E. D. Oklahoma.

April 21, 1977.

See also 74 F.R.D. 4.

Charles V. Foor, McAlester, Okl., pro se.

Richard A. Pyle, U. S. Atty. by Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

On December 23, 1975 Plaintiff Howard W. Joplin brought this action against the Defendant, The United States of America, under the Federal Tort Claims Act, 28 U.S.C. 2671, et seq. (Act). The tort claimed is that of medical malpractice allegedly committed against Plaintiff by a medical doctor employed by the Defendant and serving the Veterans Administration Hospital. It appears that on February 2, 1972 at the Veterans Hospital in Muskogee, Oklahoma, an exploratory hernia operation on the right side was performed on Plaintiff by said doctor who was then acting within the scope of his employment by the Defendant. Plaintiff asserts that said doctor performed the operation in a negligent manner in that, "the sperm cords were severed, constituting a vasectomy without permission of Plaintiff; the muscle on the right side of the penis was severed and not repaired, causing impotency and injury to the right testee causing tuberculosis of the right testee, . . . ."

Defendant's Motion for Summary Judgment on the basis that Plaintiff's malpractice claim is barred by reason of same not being presented in writing to the appropriate Federal agency, the Veterans Administration, within two years after the claim accrued as required by 28 U.S.C. § 2401(b) has resulted in a pretrial evidentiary hearing thereon by the Court, but the Court was unable from the evidence presented at said hearing to then determine with certainty when Plaintiff's alleged malpractice claim accrued within the meaning of said statute. The Court denied the said Motion without prejudice to the issue involved therein being represented and reconsidered by the Court at the trial herein.

At the trial herein the Plaintiff presented a medical doctor who happened to be the doctor engaged by Defendant in connection with this litigation to examine the official medical records regarding said exploratory hernia operation and also physically examine the Plaintiff. This witness called by Plaintiff did not support Plaintiff's alleged

claim of medical malpractice. To the contrary, it was this doctor's opinion that no medical malpractice was involved in any way regarding this exploratory hernia operation. He testified that in his opinion Plaintiff's sperm cords were not severed constituting a vasectomy, that the muscle on the right side of the penis was not severed causing impotency and injury to the right testee causing tuberculosis of the right testee. He found no evidence of impotency or tuberculosis in the Plaintiff. Plaintiff presented no other medical witness or evidence except the transcript regarding Plaintiff's disability claim with the Social Security Administration was admitted in evidence by agreement. This transcript contained some medical evidence as Plaintiff's claim in said proceeding was in part based on a claimed disability due to a physical condition which allegedly forms the basis of this malpractice case. In that proceeding, which is now final, the Administrative Law Judge and the Appeals Council found that Plaintiff had no disability under the Act and the medical reports contained in said transcript did not in any way support an act of medical malpractice in connection with Plaintiff's February 2, 1972 exploratory hernia operation. A finding of the Administrative Law Judge, which was affirmed on appeal, was as follows:

"3. The evidence of record fails to establish the presence of an inguinal hernia or any other impairment in the genitalia area which results in significant functional loss."

Aside from the testimony of the Plaintiff about his pain and discomfort and other troubles the only other evidence presented to the Court at the trial herein was the official medical records pertaining to Plaintiff's February 2, 1972 operation and about which the medical doctor presented by Plaintiff testified as aforesaid.

The Act provides that the United States shall be liable regarding tort claims in the same manner and to the same extent as a private individual under like circumstances would be liable. Hence, the liability of the Defendant to respond in damages herein to the Plaintiff is to be determined by Oklahoma law. *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Ahern v. Veterans Administration*, 537 F.2d 1098 (10 Cir. 1976); *Bailey v. United States*, 291 F.Supp. 800 (W.D.Okl.1968); *Castillo v. United States*, 552 F.2d 1385 (10 Cir. 1977).

Under Oklahoma law it is ordinarily necessary in a medical malpractice action that Plaintiff establish the alleged medical malpractice by the testimony of a qualified medical expert.[1] *Boxberger v. Martin*, 552 P.2d 370 (Okl.1976); *Robertson v. LaCroix*, 534 P.2d 17 (Okl.App.1975); *White v. Burton*, 180 Okl. 499, 71 P.2d 694 (1937). This Plaintiff has completely failed to do. No evidence of medical malpractice on the part of the surgeon in performing the February 2, 1972 exploratory hernia operation on Plaintiff has been presented to the Court. Rather, all the pertinent medical testimony before the Court is that such surgeon in performing the said operation and in his attention to Plaintiff both before and after the operation exercised the degree of skill ordinarily employed under similar circumstances by similar surgeons in the field in the same or similar communities. *Runyon v. Reid*, 510 P.2d 943 (Okl.1973); *Eckels v. Traverse*, 362 P.2d 680 (Okl.1961).

Accordingly, Plaintiff has failed to establish that he is entitled to the relief sought herein and his action against the Defendant should therefore be dismissed. A Judgment to this effect will be entered by separate document this day.

---

1. A limitation on this rule of law is in cases where lack of care is such as to require only common knowledge and experience to understand and to judge it. *Boxberger v. Martin, supra; Barnett v. Richardson*, 415 P.2d 987 (Okl.1966). But this limitation or exception to the rule is not applicable in this case as Plaintiff's alleged injury is not patent and objective but is subjective and common knowledge and experience is not sufficient to understand Plaintiff's condition.