BARKDULL, Judge.
Plaintiffs in the trial court appeal an amended order granting a directed verdict and final judgment in favor of the appel-lees.
There is no dispute that the appellant-plaintiff minor child, Lafayette Vance, was injured while riding in a shopping cart pulled by his sister (also a minor) along a busy stretch of 27th Avenue. What is in dispute is whether the appellants presented any evidence identifying the appellee (Miller) as the tortfeasor.
Lafayette was riding in a shopping cart being pulled by his sister, who was riding a bicycle. They were both on the sidewalk alongside N.W. 27th Avenue in Miami. The evidence is conflicting as to whether a car drove up over the curb and onto the sidewalk, striking and injuring the child, or whether Lafayette fell into the road and *1151 was struck. At any rate, Lafayette was seriously injured.
There is no dispute in the evidence that the appellee, Miller, was driving at 35 m.p.h. past the children immediately prior to the accident. She testified that she veered to the left to avoid the children and avoided the cart. When she got past the children, she heard a noise and looked into her rear view mirror where she saw the cart lying in the street and the child still in the cart. At that time there were other cars behind her. She stopped her car and backed up to offer aid if needed. Other witnesses testified, but all of them failed to identify the driver of the car or describe the car that allegedly struck the cart.[1] The investigating officer failed to find any evidence that Miller’s vehicle contributed to the accident and made no charge against her.
At the close of the plaintiff-appellant’s case and again at the close of all the evidence, the appellees moved for a directed verdict, contending that the evidence was legally insufficient to support a verdict for the plaintiffs. The trial court reserved ruling and allowed the case to go to the jury. The jury returned with a verdict in favor of plaintiffs. The appellees filed a motion upon which the trial court entered an amended order, granting their motion for a directed verdict and entering a final judgment in their favor. The appellants now take this appeal, contending that the trial judge erred in granting the reserved motion for directed verdict. We affirm.
Appellants-plaintiffs contend that the facts adduced at trial created a jury question as to the negligence of defendant, Miller, in proximately causing the injuries sustained by Lafayette Vance.
Only five of the witnesses at trial presented testimony relevant to the issue of liability. None of the witnesses, however, testified to the essential fact that the defendant, Miller, owned or operated a motor vehicle which caused injury to the plaintiff. The plaintiffs failed to introduce evidence establishing the identity of the defendant, Miller, as the operator of any vehicle which caused injury to the plaintiffs. The plaintiffs failed to introduce evidence establishing the identity of the motor vehicle which caused plaintiff’s injury, and the plaintiffs failed to introduce evidence establishing that the defendant owned or operated any motor vehicle which caused damage to the plaintiff. Finally, the plaintiffs failed to introduce evidence establishing that the alleged negligence of the defendant, Miller, was the proximate cause of the plaintiff’s injuries. Consequently, the plaintiffs’ failure to prove elements of their cause of action in negligence required the trial court to direct the verdict in favor of the defendant. See e. g.: Morton v. Insurance Company of North America, 297 So.2d 602, 603 (Fla. 3d DCA 1974); Citizens National Bank of Orlando v. Youngblood, 296 So.2d 92, 94 (Fla. 4th DCA 1974).
The only evidence concerning the actions of defendant, Miller, was presented by her own testimony. Her testimony was not controverted. These facts establish that Mrs. Miller was in the area of the subject accident; her vehicle, however, was not involved in the accident.
The defendant was not speeding. Defendant saw the plaintiff entering a roadway and immediately turned her vehicle to the left and avoided the plaintiff by a wide distance. There were other vehicles following the Miller car, which may well have struck the plaintiff. It cannot be presumed that the defendant’s vehicle struck the plaintiff just because she was sued as a *1152 defendant. The law plainly requires that the defendant or defendant’s vehicle be properly identified on the record as the person or vehicle causing damage to the plaintiff, in order to prove a prima facie case of negligence. Lambert v. Travelers Indemnity Co., 42 So.2d 146 (Ct.App.La.1949); Star v. Brumley, 129 Okl. 134, 263 P. 1086 (1928).
This appeal appears to be a case of the first impression in Florida. The appellees present two other jurisdictions, however, that have confronted the issue of whether a directed verdict should be granted when a plaintiff failed to offer evidence identifying the tortfeasor or his vehicle as the proximate cause of the accident. Lambert v. Travelers Indemnity Co., supra; Star v. Brumley, supra. In Lambert and Brumley, none of the parties or witnesses were able to identify the defendant’s vehicle as the vehicle involved in the subject accident. Both the Lambert court and the Brumley court held that where the identity of the motor vehicle involved in an accident is in question, as in the case at bar, the evidence is insufficient to sustain a verdict.
In Brumley, the court predicated its decision and evidence presented at the trial that there were other cars in the vicinity of the accident in addition to the defendant’s vehicle. The court stated:
* * * * * *
“Where * * * the testimony leaves the matter uncertain and shows that any one of several cars driving along the highway may have caused the injury, the court should not permit the jury to guess which one caused the injury * * *”
* * * * * *
The court, in Lambert, supra, held that where the plaintiff shows “a possibility or probability” that the defendant’s vehicle was the one involved in the accident, the plaintiff has failed to meet the burden of proving his case. Id. at 151.
In the case at bar, a finding that the defendant’s negligence in operating her vehicle was the proximate cause of the plaintiff’s injuries would plainly require the stacking of inferences. While negligence may be inferred from known or established facts or circumstances, the ultimate conclusion cannot be conjectured from other inferences. Sirmons v. Pittman, 138 So.2d 765, 770 (Fla. 1st DCA 1962); McCormick Shipping Corp. v. Warner, 129 So.2d 448 (Fla. 3d DCA 1961).
Therefore, the trial court was correct in directing a verdict, and the final judgment under review is affirmed.
Affirmed.

. The plaintiffs’ witness, a Mrs. Jones, testified that she witnessed an automobile accident involving a boy and a shopping cart at Northwest 27th Avenue and 171st Street on May 1, 1976. After Mrs. Jones saw a car strike the cart, she immediately covered her face, and the driver of her vehicle drove around the accident and left the scene, without stopping. Some two months later, she came forward as a fortuitous witness. Mrs. Jones failed, during her testimony at trial, to describe “the car” allegedly involved in the accident; she further failed to identify or describe the driver of “the car”; and she did not connect the defendant Miller to the accident at issue in any manner.